*777 OPINION.
ÁRUndell :
The petitioner’s argument in favor of the deductibility of the items in dispute as losses sustained is based upon the theory that its liability to answer in damages for the breaches of contract arose within the taxable year. Petitioner also contends that since it had no opportunity to acknowledge liability to the buyers for the breaches during the taxable year, because of the latent nature of the defects giving rise 'to its liability, the case is distinguishable from those heretofore decided by us on similar questions. Whatever distinction may exist in our opinion is not important.
In Hidalgo Steal Co., 8 B. T. A. 76, a case involving a deduction for breach of contract, we said that “ it is well settled that if the liability was not admitted, or an offer in settlement was not made, or the estimated amount of the loss was not entered on the books for the taxable year, a deduction of the loss in the year in which the breach occurred, was unallowable. Brighton Mills, 1 B. T. A. 392; New Process Cork Co., 3 B. T. A. 1339; Bump Confectionery Co., 4 B. T. A. 50; Hamler Coal Co., 4 B. T. A. 947.”
The evidence clearly proves that no liability had been asserted against the petitioner during the taxable year to pay or to accrue on its books. The defects in the goods giving rise to the claims were of such a nature that they were not discoverable while the goods remained unfinished. The finished goods were not received by the buyers from the bleacheries until after the close of the taxable year, and consequently the purchasers had no opportunity within that period to ascertain whether the goods conformed in quality to the contract, and if not, to assert a claim against petitioner for breach thereof. The claims in fact were not made by the vendees until after the close of the fiscal year November 30, 1920, and the petitioner had no knowledge within the taxable year that the goods were defective, or that the buyers would, upon receipt of the finished goods, call upon it to answer in damages for breach of contract.
The amount sought to be deducted ivas neither paid nor accrued within the taxable year and the facts in our opinion constitute no basis for the allowance of the claimed loss for the taxable year ended November 30,1920.

Judgment will be entered for the respondent.